UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN ROBERT TYE AND ASHLEY LYNN BONVILLAIN TYE, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILDREN, BRYANT JAMES TYE AND JOHNATHAN O'NEAL TYE | * * * * | CIVIL ACTION NO. |
| | * | JUDGE |
| **VERSUS** | * | |
| JAKE'S FIREWORKS, INC. | * * | MAGISTRATE |

## COMPLAINT

## PLAINTIFF DEMANDS TRIAL BY JURY

**NOW INTO COURT**, comes Plaintiffs, JOHN TYE AND ASHLEY LYNN BONVILLAIN TYE, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILDREN, BRYANT JAMES TYE AND JONATHAN O'NEAL TYE, and through their attorneys of record, MICHAEL J. SAMANIE AND STEPHEN S. STIPELCOVICH, and for the cause of action against the Defendant, JAKE'S FIREWORKS, INC. and alleges the following:

1. This is an action for damages suffered by Plaintiffs as a direct and proximate result of Defendant's wrongful conduct including, but not limited to, the design, manufacture, distribution, testing, labeling, and failure to warn properly of danger, warranting and sale of the fireworks product known as GOLIATH fireworks.

## PARTIES

2. Plaintiffs, JOHN ROBERT TYE and ASHLEY LYNN BONVILLAIN TYE, are persons of the full age of majority and residents of the Parish of Assumption, Louisiana. Ashley Lynn Bonvillain Tye is the wife of John Robert Tye. Bryant James Tye and Johnathan O'neal Tye are their minor children.

3. Defendant, JAKE'S FIREWORKS, INC. is a foreign corporation organized under the laws of the State of Kansas and transacts business in the State of Louisiana through the marketing, sale and distribution of its products, with its principal place of business in Louisiana located at 8161 Rushing Road, Denham Springs, LA 70726. Jake's Fireworks, Inc. has committed a tort within the State of Louisiana and may be served with process of this Court in accordance with Rule 4 of the Federal Rules of Civil Procedure through its registered agent, C T Corporation System, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, LA 70808. Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claim occurred within this District.

4. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties. Venue is proper in the Eastern District of Louisiana pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claim occurred within this District.

5. Defendant is in the business of designing, manufacturing, marketing, developing, testing, labeling, distributing, warranting and selling its fireworks. Defendant, at all times relevant hereto, designed, developed, manufactured, promoted, marketed, distributed, tested, warranted and sold GOLIATH fireworks in Louisiana.

6. JOHN TYE used JAKE'S FIREWORKS' GOLIATH firework product on or about July 1, 2012. As a result thereof, JOHN TYE suffered severe injuries to his hand. As a further result, plaintiff incurred damages, both special and general.

## PRODUCTS LIABILITY

7. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference.

8. GOLIATH fireworks were defective and unreasonably dangerous when it left the control of the Defendants pursuant to the Louisiana Products Liability Act, LSA-R.S. 9:2800.51, et seq, in that:

   (a) The risk associated with the use of GOLIATH fireworks far outweighed the utility derived from using such devices;

   (b) Defendants failed to provide adequate warnings regarding the hazards associated with the use of GOLIATH fireworks; and

   (c) GOLIATH fireworks were defectively and unreasonably dangerous in design and composition.

9. Defendants were in the business of designing, developing, manufacturing, marketing, distributing, testing, warranting and/or selling GOLIATH fireworks.

10. Plaintiff further alleges that Defendants sold and/or distributed GOLIATH fireworks in a condition that posed unreasonable risks from reasonably anticipated use. Plaintiff avers that the aforementioned products expected to and did reach the consumer, Plaintiff; without substantial change in condition from the time that it left the control of the Defendants.

11. The defective conditions alleged herein rendered GOLIATH fireworks unreasonably dangerous to Plaintiff and proximately caused the injuries and damages for which recovery in sought.

12. The risks associated with the use of GOLIATH fireworks far outweighed its usefulness or desirability, and there existed a feasible design alternative that would have prevented the harm suffered by the Plaintiff without compromising its usefulness.

13. Defendants knew, or should have known, of the danger in its product that caused the damage for which recovery is sought. The ordinary user or consumer of GOLIATH fireworks would not realize such dangers.

14. In using GOLIATH fireworks, the Plaintiff relied on the knowledge, skills, judgment, representations and express and/or implied warranties of the Defendants. Had the Plaintiff known of the actual dangers associated with the use of GOLIATH fireworks, he would not have used it.

15. Defendants neglected to provide Plaintiff with warnings that reasonably could have been expected to be known under similar circumstances taking into account the characteristics of, and the ordinary knowledge common to an ordinary consumer who purchases the product. Further, Defendants failed to provide warnings which accurately advised an ordinary consumer of the scope, severity and likelihood of serious injury resulting from use of GOLIATH FIREWORKS. Had such warnings been provided, the injuries and damages sustained by Plaintiff could have been avoided.

16. Plaintiff contends that GOLIATH FIREWORKS failed to function as expected, and there existed feasible design alternatives equally as effective and useful that would have had a reasonable probability of preventing the harms sustained by Plaintiff.

17. Defendants are liable to Plaintiff for the damages complained of herein for the respective designing, developing, manufacturing, marketing, distributing, testing, warranting, selling of GOLIATH fireworks, as well as Defendants' failure to issue proper warnings for its GOLIATH fireworks product considering the knowledge and information available to Defendants.

## BREACH OF WARRANTY

18. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference.

19. Defendants, by and through their agents, expressly and impliedly represented to Plaintiff and other uses that the product GOLIATH fireworks, was safe and proper for its intended use and purpose, and guaranteed to the user that the said product was of merchantable quality.

20. Defendants have breached applicable warranties, express and implied, including safety and are therefore liable to Plaintiff.

21. As a direct and proximate result of the wrongful acts and conduct of the Defendants, as described above, Plaintiff suffers serious and permanent injuries; was caused to suffer great pain and will in the future be caused to suffer great pain; was caused to incur medical expenses and will in the future be caused to incur medical expenses; and was caused to suffer and will in the future continue to suffer an adverse and material change in his quality of life.

## DAMAGES

22. The foregoing paragraphs of this Complaint are re-alleged and incorporated by reference.

23. As a result of Defendant's acts, omissions and misconduct, Plaintiffs have suffered compensatory damages, which include, but are not limited to the following and are entitled to recover damages in an amount found to be reasonable at the trial of this matter.

   (a) Compensatory damages in an amount sufficient to compensate JOHN TYE for all injuries, including but not limited to physical pain and suffering, mental and emotional pain, permanent disability, suffering, fear, and anguish, all expenses, and all losses. (past, present and future);

   (b) Compensatory damages in an amount sufficient to pay for plaintiff's past and future medical care;

   (c) Lost wages (past, present and future) and loss of earning capacity;

   (d) Medical monitoring expenses;

   (e) Loss of Consortium by Ashley Lynn Bonvillain Tye, Bryant Jason Tye, and Jonathan O'Neal Tye;

   (f) Legal interest from the date of judicial demand on the amounts awarded;

   (g) Costs of suit and such other equitable relief as provided for in the Louisiana Civil Code and that may be just and appropriate on the basis of the evidence presented at trial.

**WHEREFORE**, Plaintiff prays for a trial by jury and demands judgment from the Defendant, JAKE'S FIREWORKS for actual and compensatory damages in a reasonable amount to compensate the Plaintiffs, and Plaintiff further demands judgment of and from Defendant, JAKE'S FIREWORKS together with pre-judgment interest, post- judgment interest and all costs of this proceeding, as well as all other equitable relief.

Respectfully Submitted:


LAW OFFICES OF MICHAEL J. SAMANIE


 /s/ Stephen S. Stipecovich
MICHAEL J. SAMANIE (11677)
STEPHEN S. STIPELCOVICH (27301)
7836 Park Avenue
Houma, Louisiana  70364
Telephone:  (985)  868-8223
Facsimile:   (985)  868-2284